# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
## For the Southern District of Maryland
### (Southern Division)

| | |
|---|---|
| DEBORAH LAMPKIN | ) |
| *Plaintiff*, | ) |
| v. | ) |
| | ) Civil Action No.: 8:19-cv-02691-TJS |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY | ) |
| *Defendants*. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes Now Plaintiff Deborah Lampkin, hereinafter referred to as the "Plaintiff", by and through the undersigned counsel and objects to Defendant's Motion for Summary Judgment. In Support of Plaintiff's Opposition Plaintiff States as follows:

**A Brief Summary of the Facts**

1. Plaintiff's Complaint states Plaintiff was injury was caused by both the movement of the bus along with the uneven flooring. **See Exhibit 1. Complaint**

2. Plaintiff in both her Deposition and also Demand letter stated to the bus driver that the floor was uneven and it is Plaintiff's position that the bus driver, agent of Defendant said to the Plaintiff' "I told them that there was something wrong with this bus".

3. On Camera 3 in the video produced by Defendant, at 6:50:59 or 18:50:59 **See Defendant's Exhibit Video**, you can see the Plaintiff stumble while her right arm is holding one of the railings and then she turns around to speak with the bus

1

driver as camera 10 appears to have several glitches during the time that the bus begins to move and is not very clear during Plaintiff's stumble.

    **4.** Plaintiff sought medical attention and suffered injuries to her left knee and also a tear in her right shoulder.

    **5.** Plaintiff has stated that Defendant had a duty to the Plaintiff to maintain a reasonably safe entry way and also not begin to move the bus until reasonably safe for Plaintiff which Defendant breached.

    **6.** Additionally, the breach of this duty resulted in injuries to Plaintiff which Plaintiff produced in the form of medical records to the Defendant well in advance of litigation.

    **7.** There was no contribution on the part of Plaintiff or anyone else during the incident which resulted in Plaintiff's injuries.

**Summary Judgment is Not Appropriate**

**There are genuine issues of Material Fact**

**1.**     **A Judge in civil cases is to be a trier of Law not a trier of Fact.**

The Defendant in this matter is attempting to have a Judge make a determination as to the levelness of the floor by reviewing a video. Defendant is asking the trier of law to make a decision that is meant to be left to a jury especially where this issue is in dispute.

Defendant cannot circumvent what is obvious. Material facts are in dispute. Defendant is attempting to have this honorable court determine the outcome of those geniuine issues of material fact and summarily dismiss this entire cause of action. The law does not support this behavior. Where there are genuine issues of material fact, summary judgement motions are to be interpreted in the "light most favorable to the non-moving party". In this case, all material facts

are to be interpreted in the light most favorable to the Plaintiff for purposes of ruling on Defendant's Motion for Summary Judgment. Assuming those facts are interpreted in a light most favorable to the Plaintiff, then Defendant's Motion for Summary Judgment must be denied.

Additionally, Defendant attempts to address solely the issue of the unlevel floor or slightly raised ramp, but does not address the fact that the bus was in motion before the Plaintiff even moved past the yellow lines. Plaintiff reached back and held the front railing with her right hand when she stumbled. **See Defendant's Exhibit** video camera angle 3 at about or 18:50:59. At this same time you can see the Plaintiff just began moving away from the front of the bus when the bus began to drive off of the stop. These two factors taken together are what contributed to Plaintiff's stumble thereby causing Plaintiff the injuries that she sustained.

2. **Sovereign immunity does not apply**

Defendant's argument is irrelevant, the busing of people around is not a governmental function, but is at the very core of Defendant's proprietary function. Plaintiff is not making a claim on Defendant's bus design. Plaintiff is not suing because of the existence of a public transportation system or how its generally run. Although Plaintiff does not agree with Defendant's position on maintenance, the maintenance or improper operation of a lift or maintenance of a lift does not have sovereign immunity. Secondly, this assertion is not even at the core or pertinent to Plaintiff's cause of action. Plaintiff's assertion is that the lift or flooring was partly up. If Defendant operates its vehicles in a negligent manner or operates the devices on the vehicles in a negligent manner, said actions are not protected as "performance of a governmental function".

Defendant's exact same policy arguments can be made to the contrary. What remedy or accountability will there be for Defendant's failing to obey traffic control devices. Or what

remedy will exist for drivers who negligently closes doors on people coming into a bus or who fails to secure a ramp completely up or down depending on the needs to the passengers where the Defendant then asserts sovereign immunity. Defendant's argument if taken serious would undue the accountability created by torts and civil actions holding those who are negligent responsible and thereby enacting policies that protect consumers or in this case would be passengers.

Additionally, Sovereign Immunity defense does not apply, but even if it did in this particular matter, it has not been timely asserted and should therefore be considered waived. Defendant waived this Sovereign Immunity Defense by not raising it earlier. Defendant didn't raise this Defense in its Answer. Additionally, Defendant removed this matter to federal court without raising this Defense.

### 3. Cases should be heard and evaluated on the basis of their merits rather than being judged on the basis of a procedural issue.

Defendant did not meet the burden for summary judgement because Plaintiff claims that the bus flooring where the wheelchair lift is, was uneven and the bus was in motion while the Plaintiff was not in a safe place. Defendant is asking that this honorable court disregard the standard for its motion and summarily decide all facts that are in material dispute at this honorable court's discretion. Plaintiff objects and opposes Defendant's assertions and legal interpretations.

In light of these above-mentioned, related cases, upon which the court has already ruled we ask that this case be heard and evaluated on the basis of its merits rather than summarily dismissed. The facts are in dispute and if Plaintiff's allegations are seen in the most favorable light Plaintiff would prevail. Plaintiff, therefore, respectfully requests that this honorable court deny Defendant Motion for Summary Judgment. Lastly, should this honorable court determine that there are misunderstood issues present in this case, it is in the inherent power of this honorable

court to control its own docket and, as such, this honorable court can re-open Discovery to allow both Parties to more thoroughly understand each other's claims and defenses.

In consideration of all of the above circumstances, the Plaintiff asks that this Honorable court Deny Defendant's Motion for Summary Judgment and that this matter proceed as per the Court's Scheduling Order.

Dated: March 15, 2022                                             RESPECTFULLY SUBMITTED,

/s/ Hector Z. Oropeza, Esq.
Hector Oropeza, Esq. # 20788
Oropeza Law Firm, PLLC
7361 Calhoun Pl.
Suite 450
Rockville, MD 20855
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th Day of March, 2022, a copy of the foregoing *Defendant's Memorandum Opposition to Plaintiff's Motion for Summary Judgement* was served on Defendant via electronic delivery to:

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
Donna L. Gaffney, #16299
Office of the General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
*Counsel for Defendant*

/s/ Hector Z. Oropeza, Esq.
Hector Oropeza, Esq.